UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANNY ANTONIO PASTRANA

    Plaintiff,

v.                                                               Case No: 5:24-cv-161-TJC-PRL

J. ANTHONY VAN NESS,

    Defendant.

## ORDER

Pending before the Court is pro se Plaintiff Danny Antonio Pastrana's motion for entry of a clerk's default against Defendant J. Anthony Van Ness. (Doc. 13).  Pursuant to Federal Rule of Civil Procedure Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, before a clerk's default can be entered, the serving party must establish that the defaulting party was properly served. *See Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) (per curiam) (finding that the court could not enter a clerk's default where the plaintiff had not properly served the defendant) (citations omitted); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-cv-809-FtM-38CM, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014) ("Prior to directing the [c]lerk to enter a default, [a c]ourt must first determine whether the [p]laintiff properly effected service of process.") (citation omitted).

Rule 4(e) of the Federal Rules of Civil Procedure allows a plaintiff to effect service in any judicial district of the United States by either (1) following the law regarding service of a summons of the state in which the district court is located or where service is made or (2) by

delivering a copy of the summons and complaint to the individual personally, by leaving a copy of each at the individual's dwelling with someone of suitable age or discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or law to receive such. As this Court is in Florida and service was "effected" in Florida, Plaintiff must show that service was sufficient either under federal or Florida law. In Florida, service of original process is made on an individual is by delivering a copy to the person to be served or by leaving a copy at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Fla. Stat. §48.031(1)(a)

According to Plaintiff, he served Defendant J. Anthony Van Ness by sending a copy of the complaint and summons via certified mail to Defendant's workplace.[1] However, service by certified mail is not personal delivery under either federal or Florida law. *See e.g., Herezi v. 31-W Insulation Co., Inc.,* No. 5:23-cv-646-MMH-PRL, 2024 WL 1327484, at *3 (M.D. Fla. March 28, 2024)("service by certified mail is generally insufficient under Florida law" and permissible "only if the defendant consents and waives personal service"); *Emerald Coast Finest Produce Co., Inc. v. QSR Group Three, LLC,* No. 3:07–cv–132–RV–MD, 2007 WL 1526650, *1–2 (N.D. Fla. May 24, 2007) ("service by certified mail is not personal delivery, and, therefore, it is not sufficient under federal law"). And there is no suggestion that

---

[1] The certified mail receipt (Doc. 13 at 8) reflects that on April 25, 2024, someone (other than Defendant) signed for delivery at the following address:

Van Ness Law Firm, PLC
J. Anthony Van Ness
1239 E. Newport Center Drive, Suite 110
Deerfield Beach, FL 33442

- 3 -

Defendant waived personal service and accepted the complaint by mail,[2] or that service was perfected in any other manner authorized by law.

Accordingly, because Plaintiff failed to properly serve Defendant under federal or Florida law, the instant motion (Doc. 13) is due to be **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on July 18, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Both Florida and federal provide that a defendant may waive personal service and accept service of the complaint by mail. Fla. R. Civ.P. 1.070(i)(2); Fed.R.Civ.P. 4(d)