**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

DANNY ANTONIO PASTRANA,

      Plaintiff,

v.                                                                                  Case No. 5:24-cv-161-TJC-PRL

CARRINGTON MORTGAGE
SERVICES, LLC, et al.,

      Defendants.

**O R D E R**

    This case is before the Court on pro se plaintiff's Emergency Motion for Temporary Restraining Order in which he seeks to halt eviction proceedings initiated by defendant Carrington Mortgage Services, LLC. See Doc. 17. Defendant Carrington filed a response in opposition (Doc. 19).

    Upon review of plaintiff's motion for temporary restraining order as well as the rest of the file, the Courts finds plaintiff has failed to demonstrate that the entry of a temporary restraining order is warranted. See, e.g., Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (setting forth four-part standard to secure emergency injunctive relief, which includes demonstrating a "substantial likelihood of success on the merits").[1]   While the Court

---

[1] Plaintiff's motion also fails to comply with the procedural requirements to secure such relief.  See Federal Rule of Civil Procedure 65 and Local Rule

understands that eviction proceedings may be imminent (although plaintiff does not state when they are expected to occur), plaintiff's filings do not explain how he has a substantial likelihood of success on the merits of this case, and the Court cannot find a basis to believe that he does. Instead, to the extent plaintiff is seeking review in this Court of the state court final judgment in the foreclosure action, this case is likely barred by the Rooker-Feldman doctrine.[2] Indeed, defendant Carrington has argued as much in its pending motion to dismiss (Doc. 7) (the response to which is overdue). Furthermore, as also argued by Carrington in its motion, plaintiff's complaint raises a single civil rights count under 42 U.S.C. § 1983, but that law does not provide relief against a private actor, such as Carrington, against whom plaintiff seeks this injunction.

Additionally, plaintiff's "Motion to Move Forward with the Complaint" (Doc. 8) and motion for reconsideration of the Court's order denying plaintiff's motion for clerk's default (Doc. 18) are due to be denied. Plaintiff's motion to move forward appears to be premised on alleged violations of the Fair Debt Collection Practices Act but plaintiff's complaint does not allege a violation of that statute (and Carrington represents the issues raised by that motion were

---

6.01.

[2] See, e.g., Lozman v. City of Riviera Beach, 713 F.3d 1066, 1072 (11th Cir. 2013) ("The Rooker-Feldman doctrine states that federal district courts have no authority to review final judgments of a state court") (citation and internal quotations omitted).

likewise addressed by the state court so are barred from receiving consideration in this Court). And plaintiff's pro se status does not excuse compliance with the rules for providing proper service of process; the Court therefore properly denied his earlier motion for clerk's default.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's motion for temporary injunction (Doc. 17) is **denied**.

2. To the extent plaintiff intends to further pursue this matter in federal court, no later than **August 23, 2024** he must file a response to defendant Carrington's motion to dismiss (Doc. 7) or an amended complaint that states a viable cause of action over which this Court can exercise jurisdiction. If plaintiff fails to either respond to the motion to dismiss or file an amended complaint by the August 23, 2024 deadline, the case will be dismissed without further notice.

3. Plaintiff's motion to move forward (Doc. 8) and motion for reconsideration (Doc. 18) are **denied**.

4. Discovery and other deadlines (except as stated above) are **stayed** until further order.

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of July, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record
Pro se plaintiff

4